IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENDIX COMMERCIAL VEHICLE, ) | |
| SYSTEMS LLC, *et al.*, ) | CASE NO.: 1:09 CV 176 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| HALDEX BRAKE PRODUCTS ) | |
| CORPORATION, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiffs' Motion For Summary Judgment of Infringement, (ECF #38), Defendant's Cross-Motion for Summary Judgment of Non-Infringement. (ECF #52), and Plaintiffs' Motion for Partial Dismissal of Haldex's Counterclaims for Lack of Subject Matter Jurisdiction. (ECF #56).

Plaintiffs filed a Motion for Summary Judgment on the issue of whether Defendant Haldex's ModulX infringes on claims 29-30, 33-34, 37-38, 40-42, 44, 49-50, 52, 60, 63, 65, 67-71, and 73-98 of their U.S. Reissue Patent No. RE38,874 ("the '874 Patent") based solely on the claim construction.   Defendant, Haldex Brake Products Corporation ("Haldex") concedes that

based on prior claim construction, it has infringed the above-listed claims.[1]  Therefore, based solely on the prior claim construction, Plaintiffs' motion is GRANTED without opposition.[2]

In its Cross-Motion for Summary Judgment, Haldex seeks a declaratory judgment holding that it has not infringed claims 1-28, 31-32, 35-36, 39, 43, 47, 51, 56, 64, 66, and 72 of the '874 Patent.  Plaintiffs oppose Haldex's Motion claiming that no justiciable issue exists because it has not asserted any claims against Haldex for violation of those portions of the '874 Patent, and concurrently filed a covenant not to sue Haldex for infringement of any of the non-asserted claims.[3] (ECF #55).  Plaintiff also filed a Motion for Partial Dismissal of Haldex's Counterclaims for Lack of Subject Matter Jurisdiction, seeking dismissal ofHaldex's counterclaims for noninfringement, invalidity, and unenforceability with regard to claims 1-28, 31-32, 35-36, 39, 43, 45-48, 51, 53-59, 61-62, 64, 66, and/or 72 in the '874 Patent.  (ECF #56).

---

[1] In a prior suit between the parties over the infringement of the original U.S. Patent No. 5,927, 445 ("the '445 Patent"), upon which the '874 reissue Patent was based, the Eastern District of Virginia construed the term "caliper" as "a structure composed of those housing portions that engage about the brake disk and contain a brake application unit." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 133 F. Supp.2d 833, 839 (E.D. Va. 2001).  The court distinguished the use of the term "caliper" from the term "one-piece caliper," giving broader coverage to the term "caliper." *Id.*

[2] This does not resolve the case, however, as Haldex has asserted several defenses that would potentially invalidate the '874 Patent, or render it unenforceable under the circumstances, thus rendering the claim construction irrelevant.

[3] Haldex's motion seeks a judgment of non-infringement on claims  1-28, 31-32, 35-36, 39, 43, 47, 51, 56, 64, 66, and 72.  Plaintiffs' covenant not to sue includes a promise not to sue Haldex for any infringement of these claims as well as claims 45-46, 48, 53-55, 57-59, and 61-62 in the '874 Patent, with regard to the currently accused Haldex products. (ECF #55-1).

## **STANDARD OF REVIEW**

The Declaratory Judgment Act, as well as the U.S. Const. Art. III, requires the existence of an "actual controversy" between the parties before a court can assume jurisdiction. The Declaratory Judgment Act provides, "in a case of actual controversy within its jurisdiction. . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . ." 28 U.S.C. § 2201(a). To satisfy the "actual controversy" requirement of the Declaratory Judgment Act, the Supreme Court requires "[the dispute be] definite and concrete, touching the legal relations of parties having adverse legal interests and that it be real and substantial."*Medimmune, Inc., v. Genetech,, Inc., et al.* 549 U.S. 118, 127 (2006) quoting *Aetna Life Ins. Co v. Haworth,* 300 U.S. 227, 240-241 (1937). "Basically the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc., v. Genetech,, Inc., et al.* 549 U.S. 118, 127 (2006) citing *Maryland Casualty Co v. Pacific Coal & Oil Co.,* 312 U.S. 270, 271 (1941). "[R]esidual possibility of a future infringement suit based on. . . future acts is simply too speculative" to meet the requirement of an actual controversy. *Revolution Eyewear, Inc v. Aspex Eyewear, Inc.*, 556 F.3d 1294,1298 (Fed. Cir. 2009) citing *Benitec Austl., Ltd. v. Necleonics, Inc.,* 495 F.2d 1340, 1346 (Fed. Cir. 2007).

*MedImmune* overruled the Federal Circuit's requirement that a party seeking a declaratory judgment must face a "reasonable apprehension of imminent suit" for an actual

controversy to exist. [4] *MedImmune,* 549 U.S. at 132. Instead, *MedImmune* applies the "totality of circumstances test" which looks to whether a controversy is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,* 549 U.S. at 127 citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

The burden of establishing that the Court has subject matter jurisdiction falls on the party seeking declaratory relief. *See Benitec*, 495 f.3d at 1344. That party must demonstrate not only that subject matter jurisdiction existed at the time of the suit, but also that it continued throughout the case. *Id.*

## **ANALYSIS**

Plaintiffs claim that no actual controversy exists on these issues because they have not sued Haldex for infringement of any of the claims addressed by Haldex's Motion for Summary Judgment, and because they voluntarily provided Haldex with a Covenant not to sue, addressing these claims, as well as claims 45-46, 48, 53-55, 57-59, and 61-62 in the '874 Patent.[5] As a result, Plaintiffs claim that this Court lacks jurisdiction over Haldex's counterclaims seeking declaratory judgments relating to the non-asserted claims. Haldex argues that an "actual controversy" does exist, because:

---

[4] The Federal Circuit still uses factors from the "reasonable apprehension of imminent suit" test to determine whether a controversy is "of sufficient immediacy and reality." *Warrior Sports, Inc v. STX, LLC.,* 596 F. Supp. 2d 1070, 1075 (E.D. Mich. 2009) "[P]roving a reasonable apprehension of suit is one of multiple ways that a party seeking declaratory judgment can satisfy the [totality of circumstances test] to establish that an action presents a justiciable Article III controversy." *Id.* at 1075 (E.D. Mich. 2009) citing *Prasco, LLC v. Medicis Pharmaceutical Corp.,* 547 F.3d 1329, 1336 (Fed. Cir. 2008).

[5] Claims 1-28, 31-32, 35-36, 39, 43, 45-48, 51, 53-59, 61-62, 64, 66, and 72 of the '874 Patent will be referred to as the "non-asserted claims."

> (1) the covenant not to sue does not extend to Haldex's affiliates, suppliers, customers, or other entities the Plaintiffs have alleged Haldex is contributing to or inducing to infringe under 35 U.S.C. §271; and, the covenant does not cover all the allegations in the Complaint;
>
> (2) the litigation history between the parties justifies Haldex in pursuing a declaratory judgment;
>
> (3) a declaratory judgment on the non-asserted claims is relevant to Defendant Haldex's intervening rights defense under 35 U.S.C. §252; and,
>
> (4) the Plaintiffs did not limit the claims of the Reissue Patent as asserted in its Complaint, and Answer to Defendant Haldex's counterclaims, nor would they agree to forego discovery relating to the non-asserted claims.

### A. Covenant Not to Sue

A covenant not to sue for infringement can eliminate a Court's subject matter jurisdiction over the affected issue. *See Benitec Austl., Ltd. v. Necleonics, Inc.,* 495 F.2d 1340, 1347-48 (Fed. Cir. 2007); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). This includes eliminating "subject matter jurisdiction with respect to remaining declaratory claims for patent invalidity and unenforceability." *Medimmune, Inc. v. Genetech, Inc.*, 535 F. Supp.2d 1000, 1005 (C.D. Cal. 2008). "Whether a covenant not to sue will divest the. . . court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear,* 556 F.3d at 1297 (Fed. Cir. 2009). *See, Hy-Ko Products Co. v. Hillman Group, Inc.* 2009 WL 4134033, at *5 (N.D. Ohio 2009) ("[I]n an infringement action, a patentee's covenant not to sue may eliminate subject matter jurisdiction for related declaratory judgment claims, if the covenant is broad enough to include all the products accused of infringement.") .

Although Haldex claims that the covenant not to sue fails to protect it from certain

allegations in the Complaint, including a possible claim under 35 U.S.C. §271,[6] and/or claims relating to products other than the ModulX brakes,[7] it has admitted that no actual cause of action remains in the current litigation arising from the non-asserted patent claims. Haldex acknowledged in its Opposition to the Plaintiffs Motion for Summary Judgment of Infringement that, "Plaintiffs have made clear that they are not asserting claims 1-28, 31-32, 35-36, 39, 43, 47, 51, 56, 64, 66, and 72 of the '874 patent. . . in the present litigation." (ECF #52 at 7).

Haldex also argues that the covenant is not sufficient to eliminate subject matter jurisdiction because it does not include a promise not to sue Haldex's affiliates, suppliers, or customers. Because of this, Defendant Haldex argues the Plaintiffs may pursue its infringement claims against Defendant Haldex's parent company or a third party, which Defendant Haldex will have to indemnify. In addition, Haldex argues that the Plaintiffs could force Defendant Haldex into a lawsuit involving the non-asserted claims by bringing suit against its affiliates or others and claiming that Defendant Haldex contributed to or induced the alleged infringement in violation of 35 U.S.C. §271.

Haldex cites two cases in support of this argument, *WS Packaging Group, Inc v. Global*

---

[6] The Complaint states, "On information and belief, Haldex, without Plaintiffs' authority, makes, uses, offers to sell, sells within the United States, and/or imports into the United States, products including without limitation Haldex's ModulX model air disc brakes, that incorporate, make use of, and/or practice the inventions covered by the '874 Reissue Patent, thereby infringing, contributing to the infringement of, and/or actively inducing infringement of one or more claims of the '874 Reissue Patent pursuant to 35 U.S.C. §271.

[7] The Complaint broadly refers to "products, including without limitation Haldex's ModulX model air disc brakes, that incorporate, make use of, and/or practice the inventions covered by the '874 Reissue Patent."

*Commerce Group, LLC,* 505 F. Supp. 2d 561 (E.D. Wis. 2007) and *Monolithic Power Systems, Inc. v. O2 Micro Int'l Limited,* 2008 WL 3266647 (N.D. Cal 2008). Both cases are distinguishable from the present litigation.  In both cases the relevant covenant not to sue did not protect customers even though the Plaintiff had a habit of suing customers. Accordingly,  the courts held that the covenants did not remove the "reasonable apprehension of suit" and "[suit] was more than a theoretical possibility." [8] Although, in this case, the Plaintiffs' covenant similarly fails to protect Haldex customers, the Plaintiffs do not have a history of suing customers. Apprehension over the possibility that Plaintiff will take such a tact, without any history of it happening, is not enough to create an actual controversy. *See, Revolution Eyewear, Inc v. Aspex Eyewear, Inc.*, 556 F.3d 1294,1298 (Fed. Cir. 2009) citing *Benitec Austl., Ltd. v. Necleonics, Inc.,* 495 F.2d 1340, 1346 (Fed. Cir. 2007) ("[R]esidual possibility of a future infringement suit based on. . .  future acts is simply too speculative.")

Further, Haldex's claim that it could still face liability if it had to indemnify a parent company or a third party, is no more than mere speculation.  Again, there is no evidence that Plaintiffs have a history of suing parent companies or third parties related to a targeted alleged infringer, nor is there any other evidence that would create a reasonable expectation that Haldex

---

[8] *See, WS Packaging Group,* 505 F. Supp. 2d 561, 566 (E.D. Wis. 2007)("[T]he record indicates that [the Plaintiff] faces at least imminent personal injury from [the Defendant's] threats against [the Plaintiff's] customers. [The Defendant] has bragged in  trade magazines of its habit of threatening to sue (or actually suing) the customer of allegedly infringing vendors or manufacturers, presumably as a means of pressuring the parties to cease their activities or sign a license agreement.") ; *Monolithic Power Systems, Inc.,* 2008 WL 3266647, at *4 (N.D. Cal 2008) ( "The history of litigation over the patent demonstrates that a lawsuit by [the Defendant] against [the Plaintiff's customers] is more than a theoretical possibility: Despite the stipulated dismissal of [the Defendant's] previous patent claims against [the Plaintiff], [the Defendant] pursued claims against a customer [of the Plaintiff's] in the Eastern District of Texas for infringement of the patent.")

would be subjected to liability in this manner. Further, Haldex has provided no evidence of any actual obligation to indemnify anyone. The mere possibility or apprehension of a potential controversy does not meet the Supreme Court's requirement that a dispute be "definite", "concrete", "real", and "substantial". *Medimmune,* 549 U.S. 118, 127 (2006). "In a declaratory judgment action, an actual controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants – an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Panavise Prods., Inc v. Nat'l Prods., Inc.* 306 Fed. Appx. 570, 572 (Fed. Cir. 2009) quoting *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1338 (Fed. Cir. 2008). [9]

      Finally, in its Opposition to Plaintiffs' Motion to Dismiss, Haldex expresses its "'fear[] that Plaintiffs may bring yet another lawsuit on the non-asserted claims based on activities related to a different product, or again on the ModulX as soon as Haldex makes any change, however, insubstantial, to it ModulX brake products." (ECF #72). Whatever the result of the current litigation, this Court certainly cannot advance an advisory opinion that would shield Haldex from future lawsuits based on actions that have not yet occurred and/or products that do not yet exist. *See, e.g. Benitec*, 495 F.3d at 1345-48 (holding that the mere possibility of a potentially infringing product in the future "does not provide the immediacy and reality required for a declaratory judgment."); *Amana Refrigeration, Inc. V. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999)("an actual controversy cannot be based on a fear of litigation over future products"). The only matters that are before the Court are those matters that form the basis of the current

---

[9] Defendant Haldex also claims that the covenant not to sue does not cover future products. (ECF #72, Pg. 5) However, this argument fails from the same defect, the possibility of future infringement is not enough.

litigation. Other products, other claims, and other actions for which no relief is currently sought, are not in the purview of the current controversy. *See, e.g. Dodge-Regupol, Inc. v. RB Rubber Prods., Inc*., 585 F. Supp.2d 645, 651 (M.D. Pa. 2008); *Amgen, Inc. v. Ariad Pharms., Inc*., 577 F. Supp. 2d 702, 710-714 (D. Del. 2008).

    B. <u>Litigation History</u>

Haldex claims that in view of the long litigation history it shares with the Plaintiffs, the Court should issue a declaratory judgment on the non-asserted claims. "In determining whether an actual controversy exists in a suit seeking a declaration of patent non-infringement. . . a patent owner's infringement litigation history is relevant but not dispositive. The determination of whether there is an actual controversy between the parties turns on the U.S. Const. Art. III mandate that the injury in fact be concrete, and actual or imminent, not conjectural or hypothetical." *Mylan Pharms. Inc v. Merck & Co.,* 2005 U.S. Dist. LEXIS 29160, at *16 (M.D. Pa. Oct. 28, 2005). Even with substantial litigation history between the parties, Defendant Haldex must prove an actual controversy exists regarding the non-asserted claims, which Defendant Haldex has not done. *See Wm. Wrigley Jr. Co v. Cadbury Adams USA, LLC,* 2004 U.S. Dist. LEXIS 23461, at *9 (N.D. Ill. Nov. 17, 2004) ("[B]eing competitors and engaging in prior litigation, without more, does not establish the existence of a case or controversy.").

    C. <u>Intervening Rights Defense</u>

Haldex also claims that an actual controversy exists regarding the non-asserted claims because they are "directly relevant to Haldex's intervening rights defenses under 35 U.S.C. 252." (ECF # 72 at 4). The Plaintiffs counter that the non-asserted claims have no relevance to Haldex's intervening rights defense, and therefore no actual controversy exists. (ECF # 73 at 3).

Under 35 U.S.C. §252,  "one who, prior to the grant of a reissue patent, makes or procured or uses something that does not infringe a claim of the original patent, has the right to continue using the specific thing so made, procured, or used without regard to the reissue patent." *Cohen v. United States,* 487 F.2d 525, 528 (1973).  Defendant Haldex does not need a declaration of non-infringement on the non-asserted claims to establish its defense of intervening rights.  Haldex only needs to prove that the claims are "substantially different" than the original claims, which the Plaintiffs do not dispute. (ECF #73 at  3). *See Predicate Logic, Inc v. Distributive Software, Inc.,* 554 F.3d 1298, 1305 (Fed. Cir. 2008), quoting *Bloom Eng'g Co., Inc v. N. Am. Mfg. Co., Inc.,* 129 F.3d 1246, 1250 (Fed. Cir. 1997)( "[U]nder 35 U.S.C. §252, a reissued patent is enforceable against infringing activity that occurred after the issuance of the original patent, to the extent that its claims are substantially identical to the claims of the original patent. Thus, unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate.") Although, Haldex might find a declaratory judgment on the non-asserted claims to be useful in proving its intervening rights defense, it is not necessary to that defense.  Under these circumstances, there is no actual controversy on the non-asserted claims sufficient to justify a declaratory judgment.

D.  <u>Failure to Eliminate Non-Asserted Claims Earlier in the Litigation</u>

Finally, Haldex argues that an actual controversy exists because the Plaintiffs did not clearly exclude the non-asserted claims from the scope of discovery, the Complaint or their Answer.  Rather, the Plaintiffs waited until after the close of discovery to withdraw the non-asserted claims.  Haldex argues that the Court should not allow a "last minute attempt to prevent

-10-

a judgment on the non-asserted claims." However, "[a]n actual controversy must be in existence at all stages of the litigation and cannot merely be present at the filing of the complaint." *Merck & Co., Inc v. Apotex, Inc.,* 488 F.Supp. 2d 418, 423 (D.Del. 2007). *See, Benitec Austl, Ltd v. Nucleonics, Inc.,* 495 F.2d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since.") It is irrelevant that a controversy may have existed at the time the Complaint was filed, or that Plaintiffs may have sought discovery related to the non-asserted claims.  So long as no controversy exists at this stage of the litigation, the Court is currently without subject matter jurisdiction relative to those non-asserted claims.

As Plaintiffs have not asserted any causes of action or sought any relief relating to the non-asserted claims in the '874 Patent, and because they have issued a covenant not to sue on those claims as they relate to the causes of action asserted in the present litigation, this Court lacks subject matter jurisdiction over Haldex's Counterclaims seeking declaratory judgment with regard to those claims.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs' Motion for Summary Judgment of Infringement, (ECF #38), is hereby GRANTED; Defendant's Cross-Motion for Summary Judgment of Non-Infringement is DENIED (ECF #53); and, Plaintiff's Motion for Partial Dismissal of Haldex's Counterclaims for Lack of Subject Matter Jurisdiction is GRANTED. (ECF #56).  IT IS SO ORDERED.

      /s/ Donald C. Nugent  
     Judge Donald C. Nugent  
     United States District Judge

Date:   August 13, 2010