IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENDIX COMMERCIAL VEHICLE, SYSTEMS LLC, *et al.*, | ) ) CASE NO.: 1:09 CV 176 |
| Plaintiffs, | ) ) |
| v. | ) JUDGE DONALD C. NUGENT ) |
| HALDEX BRAKE PRODUCTS CORPORATION, | ) ) MEMORANDUM OPINION ) AND ORDER |
| Defendant. | ) ) |

This matter is before the Court on Plaintiffs' Motion For Summary Judgment of No Inequitable Conduct. (ECF #63). Defendant, Haldex Brake Products Corporation ("Haldex") filed and Opposition to the motion (ECF #75), and Plaintiffs filed a Reply in support of their motion. (ECF #97). Having reviewed all of the submissions, and the relevant law, the Court finds that a genuine issue of fact remains for trial. Plaintiffs' motion is, therefore, granted.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56©. The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). On issues for which the non-movant carries the burden of proof, the moving party need not negate the claims; it can simply rely on the absence of the essential elements in the pleadings, depositions, and answers to interrogatories. *St. Gobain Autover USA, Inc. V. Xinyi Glass N. America, Inc.*,

666 F.Supp.2d 820, 824 (N.D. Ohio 2009).

Because all patents issued by the United States enjoy a statutory presumption of validity, Haldex bears the burden of proving invalidity under 35 U.S.C. §§ 102 and 103 by clear and convincing evidence. *See* 35 U.S.C. §282; *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008); *Ocean Innovations, Inc. v. Quarterberth, Inc.*, No. 1:03CV913, 2009 WL 1850321, at *2 (N.D. Ohio June 26, 2009). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if, as in this case, the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its standard of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

Patent applicants have a duty to prosecute their applications with candor, good faith, and honesty. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995); 37 C.F.R. §1.56. This duty applies equally to the prosecution of reissue patent applications. *See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997). The duty of good faith and candor creates an obligation to keep the USPTO apprised of any litigation information, or other proceedings involving the original patent of a reissue application, if that information is material to patentability of the claims under consideration in the reissue application. *See, Critikon*, 120 F.3d at 1257; MPEP §§ 1404, 1442.01, and 1442.04.

Inequitable conduct occurs when an applicant breaches this duty with the intent to deceived the USPTO. *See Li Second Family Ltd. P'ship v. Toshiba Corp.*, 231 F.3d 1373, 1378 (Fed. Cir. 2000). To prove inequitable conduct has occurred, an alleged infringer must establish by clear and convincing evidence that (1) an alleged nondisclosure or misrepresentation occurred; (2) the nondisclosure or misrepresentation was material, and (3) the patent applicant acted with the intent to deceive the USPTO. *See Glaxo v. Novopharm Ltd.*, 52 F.3d 1043, 1048 (Fed. Cir. 1995). If materiality and intent are established, the court is to conduct a balancing test weighing the degree of materiality against the level of intent. *Li Second Family,* 231 F.3d at 1378. If, in the end, the Court finds that inequitable conduct has occurred during the prosecution of reissue patent, all claims within the patent are rendered unenforceable. *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1563 (Fed. Cir. 1989).

Haldex has, at various times during this litigation, put forth three separate basis for Plaintiff's alleged "inequitable conduct."[1] Haldex first claimed that Knorr-Bremse committed inequitable conduct during the '874 Patent prosecution by submitting a false declaration identifying the "one-piece caliper" limitation in the claims of the '445 patent as a mistake, and by failing to provide the USPTO with a copy of the opinion letter prepared by Haldex's expert, Gerald Bjorge, which cited litigation documents and testimony allegedly withheld by Knorr-Bremse during the '874 prosecution. Identifying the "one-piece caliper" limitation as an error is not inequitable conduct. This limitation was one of the basis of Knorr-Bremse's request for a reissue. Whether or not it was an actual error capable of being corrected through a reissue Patent was the precise matter to be determined by the USPTO. Therefore, the USPTO was to decide whether the statement was true and correctable. The "inequitable conduct" prohibition is not aimed at the subject matter of the application. To hold otherwise would open the door to finding inequitable conduct in the declaration of error leading to a reissue petition anytime such a petition is not granted.

The prohibition is aimed at ensuring that the patent examiner has all of the relevant material needed to determine whether the application is justified. The second portion of Haldex's first claim addresses this issue. Their claim, however, fails to create a question of fact regarding Plaintiffs' alleged inequitable conduct. It is undisputed that Knorr-Bremse, did in fact, disclose the litigation and testimony from the '445 Patent litigation that were the basis of Mr.

---

[1] "Inequitable conduct" in this context is a distinct term of art and is distinguishable from Haldex's allegations that Plaintiffs should be barred from their claims under the theory of equitable estoppel. That claim was addressed in this Court's prior opinion (ECF #120). Haldex did not prove that it was entitled to summary judgment on that issue, and there are genuine issues of fact on that issue, requiring trial.

Bjorge's opinion letter.[2] (ECF #67, Ex. D at KBX_HA00022644-46, Ex. I, Bjorge Dep. Tr. At 174:2-3). Haldex cannot show an intent to deceive when Knorr-Bremse disclosed all of the underlying information seen and relied on by Haldex's expert in his opinion letter.[3] It is also undisputed, that Haldex submitted the opinion letter to the USPTO prior to the granting of the '874 Patent, thereby rendering any non-disclosure immaterial to the final disposition of the application. Under deposition, Haldex's expert also failed to provide any support whatsoever for Haldex's claim on this issue.

Haldex then revised its claim of inequitable conduct, complaining that the information disclosed to the USPTO did not include highlighting added by Haldex's expert. There is no duty to provide the examiner with highlighted copies of the relevant information. The USPTO can determine for itself which parts of the submitted information are relevant to their decision. Further, Knorr-Bremse did provide a list of pin cites to sections addressed by Mr. Bjorge, which is as good as a highlighted copy. Thus, there is no factual or legal support for this theory. Haldex has apparently recognized this fact, as it abandoned this theory of inequitable conduct, providing no counter to Plaintiff's arguments for summary judgment on this issue.

In its opposition to Plaintiffs' motion for summary judgment, Haldex now alleges that Knorr-Bremse engaged in inequitable conduct by failing to disclose to the USPTO one specific

---

[2] Haldex has provided no evidence to the contrary. Haldex cannot rest on mere assertions, but is obligated to come forward with evidence that could meet the clear and convincing standard in order to survive summary judgment on this issue. *See Fiskars, Inc. V. Hunt Mfg. Co.*, 221 F.3d 1318, 1327-28 (Fed. Cir. 2000).

[3] One sentence from the inventor's deposition, not relied on by Haldex's expert was not disclosed. This omission is addressed below.

sentence of deposition testimony from the prior litigation, and that it falsely argued that the insertion of the brake application unit from the brake disc side solved the problem of the prior art.

These allegations are both untimely, and insufficient to establish inequitable conduct. Allegations of inequitable conduct are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g., Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 222 (N.D. Cal. 1994). Haldex was, therefore, obligated to plead the basis for its inequitable conduct defense with particularity. *See, e.g., Ferguson Beauregard/Logix Controls, Div. of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). Haldex did not disclose this basis for its allegations in its answer, or in the interrogatories seeking an identification of the basis for the charge of inequitable conduct. The inclusion of such allegations only after the close of discovery is untimely and prejudicial. *See, Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, Civil Action No. 06-601-JJF, 2009 WL 2524577, at *3-4 (D. Del. 2009).

Even if timely raised, these new allegations would not be sufficient to support a claim for inequitable conduct. Haldex has provided absolutely no evidence suggesting that the omission of the one sentence from the inventor's deposition was material, or that the statement was not merely cumulative. The omitted statement reads as follows: ". . . the entire context of the patent was filed on the basis of the basis of the invention by the inventors, which, indeed, does include both the preassembled application unit and the one-piece caliper." Haldex's expert made no mention of the statement in its expert opinion challenging the validity of the reissue patent application, suggesting that he did not find it relevant to Haldex's argument against the

-7-

patentability of the '874 reissue Patent.  Further, the record shows that the patent examiner was fully aware of the inventor, Mr. Baumgartner's view that the described invention claimed in the '445 patent contained two aspects.   This suggests that the statement was merely cumulative and not material.  *See Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1110 (Fed. Cir. 2001)("failure to cite cumulative references is not inequitable conduct").  Haldex has provided no evidence that this statement was material to the prosecution of the '874 patent.

As to Haldex's claim that a patent aimed at allowing for the insertion of the brake application unit from the brake disc side would not have solved any problem from the prior art, Haldex again fails to provide any evidence that this is true.  In fact, both the examiner from the '445 patent and the reissue examiner recognized that the front loading aspect of the invention was novel.  The front loading insertion of the rotary level device was expressly cited by the '445 examiner as a key distinction over prior art:

> Antony disclosed a disc brake assembly comprising most of the features and components claimed by the applicant.  The location of an opening for insertion of a preassembled application unit and a need of a plate for closing off this opening is not adopted by Anthony [sic] for his disclosure.

(ECF #67, Ex. C at KBX-HA00013638).

The reissue examiner also noted that aspect of the invention was distinguishable from the prior art, stating:

> Claim 29 defines over the prior art of record by claiming a pneumatic brake . . . which comprises a rotary lever adapted to be swivellable by the operating cylinder . . . a caliper having a housing; and wherein the housing section includes an opening on a rearward end through which the operating cylinder is engageable with the rotary lever and an opening facing the brake disk when installed that is sized to receive the components of the brake application device.

(ECF # 67, Ex. D at KBX_HA0022962) (emphasis in the original).  The allowance of claims 67,

-8-

78, 84, 90, and 98 were also based at least in part on "the caliper having a <u>first opening which, in use, faces a brake disk</u> and at which the rotary lever, the bridge and the at least one spindle can be inserted into the caliper section through the first opening. *Id.* (emphasis in the original). Further, Haldex's own expert, Mr. Dilling, stated during deposition that "[t]he patents describe a different way of inserting the brake application unit into the caliper." (ECF #88, Dilling Tr. At 16:9-22). Haldex has not submitted any expert evidence from a person skilled in the art that supports its theory that the patent could not have been issued based only on the front-loading aspect of the invention.

Haldex has also failed to provide any evidence of an intent on the part of Knorr-Bremse to mislead the USPTO. Haldex claims only that the information was omitted. Because some information was omitted, while most of the remaining testimony was disclosed, Haldex asks the court to infer intent to deceive. However, the Federal Circuit has made clear that the "intent to deceive cannot be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996). Without such a factual basis, Haldex cannot establish the necessary elements of the defense of inequitable conduct.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs' Motion for Summary Judgment of No Inequitable Conduct is GRANTED. (ECF #63).[4]   IT IS SO ORDERED.

                                                  /s/ Donald C. Nugent  
                                                 Judge Donald C. Nugent  
                                                 United States District Judge

Date:  September 14, 2010

---

[4] Having resolved all of the outstanding motions for summary judgment, the following questions remain for trial: (1) Whether Plaintiffs are equitably estopped from seeking damages for infringement based on alleged misrepresentations made during the '445 patent prosecution; the delay in seeking the reissue patent; the delay in bringing this action against Haldex; or, the failure to seek reissue until after Plaintiffs had seen Haldex's new product;  (2) Whether the Patent is valid under 35 U.S.C. § 112 (subject matter and written description requirements); (3) Whether the Patent is valid under the Same Invention rule, (4) Whether Haldex is entitled to equitable intervening rights; and,  (5) Whether a Permanent Injunction an appropriate remedy for the infringement?