# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Bendix Commercial Vehicle Systems LLC,** *et al.*, | ) ) ) | **CASE NO. 1: 09 CV 176** |
| **Plaintiffs,** | ) ) | |
| | ) | **JUDGE DONALD C. NUGENT** |
| v. | ) ) | **JUDGMENT** |
| **Haldex Brake Products Corporation,** | ) ) | |
| **Defendant.** | ) | |

    The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury found unanimously in favor of the Plaintiffs and against Defendants on Plaintiffs' Claim of Willful Infringement of .

    Plaintiffs Bendix Commercial Vehicle Systems LLC, Knorr-Bremse Systeme Fur Nutzfahrzeuge GMBH, and Bendix Spicer Foundation Brake LLC brought this action against Defendant, Haldex Brake Products Corporation alleging that Defendant's product, the ModulX Air Disc Brake infringes claims 29-30, 3 3-34, 37-3 8, 40-42, 44, 49-50, 52, 60, 63, 65, 67-7 1 and 73-98 of Plaintiff, Knorr-Bremse's U.S. Reissue Patent No. RE38,874 (the '874 Reiusse Patent), and that the infringement was willful. Defendant Haldex Brake Products Corporation admitted that the ModulX infringes on the '874 Reissue Patent, but denied that the infringement was willful. Defendant also claimed that the patent was invalid and, therefore, unenforceable.

    The trial commenced on September 20, 2010 at 8:00 a.m. A Jury of twelve was duly empaneled and sworn, and opening statements of counsel were made. Plaintiffs called the following witnesses: (1) Oskar Flach, and (2) Hans Baumgartner. Court was then adjourned until September 21, 2010 at 8:00 a.m.

The trial continued on September 21, 2010.  Plaintiffs continued with testimony from Hans Baumgartner. Plaintiffs then called the following additional witnesses: (3) James A. Kirk, and (4) Charles Kleinhagen (video deposition).   Court was then adjourned until September 22, 2010 at 8:00 a.m.

The trial continued on September 22, 2010.   Plaintiffs called the following witnesses: (5) Arthur Steiner; (6) Matthew Resh; (7) Aaron Schwass; and,  (8) Richard Gering..  The Plaintiffs then rested their case-in-chief.  Defendant made an oral motion for judgment pursuant to Fed. R. Civ. P. 50.  The Court reserved ruling on the motion until the close of all evidence.    The Defendants then began their case-in-chief by calling the following witness: (1) Charles Kleinhagan..  Court was adjourned until September 23, 2010 at 8:00 a.m.

The trial continued on September 23, 2010.  Defendant continued with testimony from Charles Kleinhagan. Defendant then called the following additional witnesses: (2) Matthew Resch, and (3) Scott Dilling. Court was adjourned until September 27, 2010 at 8:00 a.m.

The trial continued on September 27, 2010.  Defendant continued with testimony from Scott Dilling, and then called the following additional witness: (4) John F. Witherspoon..  Defendants then rested.  The Court heard Plaintiffs' motion for judgment pursuant to Fed. R. Civ. P. 50, and the Court reserved ruling.  Plaintiff called the following witnesses in rebuttal: (1) Arthur Steiner, and (2) Alton Holmes.  Court was adjourned until September 28, 2010 at 8:00 a.m.

The trial continued on September 28, 2010.  Closing arguments of counsel were made.  Following closing arguments, the Court instructed the Jury on the law pursuant to Rule 51 of the Federal Rules of Civil Procedure, and the Jury thereafter retired to deliberate.

The Jury returned unanimous answers to all six Interrogatories, finding in favor of the Plaintiffs and against the Defendant, and awarding $100,000 in compensatory damages. The Jury, in open court, returned the following unanimous Interrogatory answers pursuant to Rule 49 of the Federal Rules of Civil Procedure:

**INTERROGATORY NO. 1**
(REGARDING WILLFUL INFRINGEMENT)

Do you find that Plaintiffs proved by clear and convincing evidence that Haldex willfully infringed the Claims of Knorr-Bremse's '874 Reissue Patent?   YES  **(insert in ink "YES" or "NO" according to your findings)**

**INTERROGATORY NO. 2**
(REGARDING DEFENSE OF INVALIDITY - ERROR REQUIREMENT)

Do you find that Defendant, Haldex proved by clear and convincing evidence that the asserted claims in the '874 Reissue Patent are invalid for failure to satisfy the error requirement for obtaining a reissue patent?     NO   **(insert in ink "YES" or "NO" according to your findings)**

**INTERROGATORY NO. 3**
(REGARDING DEFENSE OF INVALIDITY - WRITTEN DESCRIPTION REQUIREMENT)

Do you find that Defendant, Haldex proved by clear and convincing evidence that the asserted claims in the '874 Reissue Patent are invalid for failure to satisfy the written description requirement for patents?    NO    **(insert in ink "YES" or "NO" according to your findings)**

**INTERROGATORY NO. 4**

(REGARDING DEFENSE OF INVALIDITY -SAME INVENTION REQUIREMENT)

Do you find that Defendant, Haldex proved by clear and convincing evidence that the asserted claims in the '874 Reissue Patent are invalid for failure to claim in the '874 Reissue Patent the same invention described in the original '445 Patent?  NO  **(insert in ink "YES" or "NO" according to your findings)**

**INTERROGATORY NO. 5**
(REGARDING DEFENSE OF INVALIDITY -SUBJECT MATTER REQUIREMENT)

Do you find that Defendant, Haldex proved by clear and convincing evidence that the asserted claims in the '874 Reissue Patent are invalid for failure to claim in the '874 Reissue Patent subject matter which the applicant regards as his invention?  NO  **(insert in ink "YES" or "NO" according to your findings)**

**INTERROGATORY NO. 6**
(DAMAGES)

If your answer to Interrogatories No. 2-5 are all "NO", do you find that Plaintiffs proved by a preponderance of the evidence that they are entitled to compensatory damages against Defendant Haldex?  YES  **(insert in ink "YES" or "NO" according to your findings).**
If your answer is yes, state the amount you find as compensatory damages against Defendant Haldex. $  100,000   one hundred thousand  . **(Insert an amount from $0 to whatever the evidence requires.)**

The Court read the Interrogatory Answers in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Interrogatory Answers. The Court accepted the Interrogatory Answers. The Jury was then discharged. Several legal issues remain pending. The parties may file supplemental briefs on the remaining issues, and the

4

Court will rule on these motions after the briefing is complete.

THEREFORE, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Plaintiffs and against Defendant on Plaintiffs' claim of willful infringement in the amount of $100,000.  All costs, including all jury charges, are to be paid by Defendant.

**IT IS SO ORDERED.**

    /s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATE:  September 30, 2010