**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BENDIX COMMERCIAL VEHICLE, SYSTEMS, LLC, *et al.*, | ) ) ) | CASE NO. 1:09 CV 176 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HALDEX BRAKE PRODUCTS CORPORATION, | ) ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Haldex's Motion For Judgment As a Matter of Law That The Asserted Claims Are Invalid For Failure to Satisfy The Written Description and Same Invention Requirements.  (ECF #199).   Plaintiffs filed an Opposition to Defendant's Motion (ECF #206), and Haldex filed a Reply in support of its position.  (ECF #209).  Having considered the submissions of the parties, the evidence presented at trial, and the relevant law, this Court finds that Haldex's motion should be DENIED.

**LEGAL STANDARD**

It is well settled that a jury's verdict is presumptively valid.  *Brooks v. Toyotomi Co.*, 86 F.3d 582 (6th Cir. 1996).  In rendering its verdict, a jury is presumed to have followed the court's instructions to leave emotion and sympathy at the door and to decide the case based on the evidence, uninfluenced by passion or prejudice.  *Caldwell v. Ohio Power Co.,* 710 F.Supp. 194

(N.D. Ohio 1989). Although a district court is generally required to presume that a jury verdict is valid, Fed. Civ. R. 50 does provide a means by which the court may alter or amend a judgment. Fed. Civ. R. 50(b) provides that judgement as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000); see also Fed. Civ. R.50(b). "The Court is not free to weigh the parties' evidence or to pass upon the credibility of witnesses. Nor may the Court substitute its own judgment for that of the jury.... When the evidence would permit reasonable minds to differ on the issues decided, a motion for judgment as a matter of law must be denied. In short, every effort must be made to uphold the verdict if reasonably possible." *In re Scrap Metal Antitrust Litigation*, No. 1:02 CV 0844, 2006 WL 2850453, at *8 (N.D. Ohio Sept. 30, 2006).

## ANALYSIS

In this case, the jury had a legally sufficient amount of evidence from which it could reasonably derive its verdict, and the evidence did not compel a finding as a matter of law that the asserted claims were invalid for failure to satisfy the written description and same invention requirements of 35 U.S.C. §112 and 35 U.S.C. §251.

Section 112 of the Patent Act requires that the specification of a patent contain " a written description of the invention" in "full, clear, concise, and exact terms." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005)(en banc); 35 U.S.C. §112, ¶1. To satisfy this requirement, the description must "clearly allow persons of ordinary skill in the art to recognize that [the

2

inventor] invented what is claimed." *In Re Gosteli*, 872 F.2d 1008, 1012 (Fed. Cir. 1989). In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010)(en banc).

Section 251 of the Patent Act precluded a patentee from obtaining a reissue to any invention other than "the invention disclosed in the original patent," and also mandates that "[n]o new matter" may be added to the patent through reissue. 35 U.S.C. §251. The inquiry under the "same invention" requirement parallels the analysis required by the "written description" requirement of § 112. *In re Amos*, 953 F.2d 613, 618 (Fed. Cir. 1991). Thus, in order to determine whether a reissue claim satisfies the "same invention" requirement of section 251, "a court must ascertain whether 'the disclosure originally filed [conveys] to those skilled in the art that [the reissue] applicant had invented the subject matter claimed.'" *Id*. (quoting *In Re Wilder*, 736 F.2d 1516, 1520 (Fed. Cir. 1984).[1] In reviewing these asserted defenses under the standard for a judgment as a matter of law, the patent must be presumed to be valid, and Defendant bears the burden of proving, by clear and convincing evidence, that a person of ordinary skill in the art would not understand the disclosure. *See Telcordia Techs., Inc. v. Cisco Sys., Inc*., 612 F.3d 1365, 1377 (Fed. Cir. 2010); *Moba, B.V. v. Diamond Automation, Inc*., 325 F.3d 1306, 1320-21

---

[1] This being said, in 1952, the Patent Statute was amended to allow parties to broaden the scope of a patent originally issued, when through error and without any deceptive intention, an original patent is deemed wholly or partially inoperative or invalid, . . . by reason of the patentee claiming more or less than he had a right to claim in the patent. . . ."). 35 U.S.C. § 251 (1952). Thus, even if the specific language of the original patent did not cover calipers manufactured in more than one piece, the whole point of the reissue patent was to broaden the scope of the original patent to include such iterations of the patented invention.

(Fed. Cir. 2003).

There is no dispute that the asserted claims name recite only "a caliper," which both parties concede includes a caliper made in any number of parts. There is also no dispute that the specification references a one-piece caliper. This does not mean, however, that the claims are not disclosed in the specification. The specification of a patent is not required to describe "every conceivable and possible future embodiment of [the] invention." *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1344 (Fed. Cir. 2001). It is permitted to specify a preferred embodiment without excluding other embodiments of the invention from the scope of the patent. In other words, "a patent claim is not necessarily invalid for lack of written description just because it is broader than the specific examples disclosed" in the specification. *Martek v. Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1371 (Fed. Cir. 2009); *see also Teleflex, Inc. V. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002)("the number of embodiments disclosed in the specification is not determinative of the meaning of the disputed claim terms.").

Defendant did not present sufficient evidence at trial to support its asserted defense of invalidity for failure to satisfy the written description requirement or the same invention requirements under the Patent statute. In contrast, there was ample evidence in this case to suggest that a person of ordinary skill in the art relevant to the '874 patent would have understood that the patent covered calipers made in more than one piece, as long as the sealing/leaking problems addressed by the patent were not implicated by connection between the pieces making up a multi-piece caliper.

Haldex failed to establish that either of its experts on this issue were persons of "ordinary skill in the art." The Defendant's expert, Mr. Witherspoon admitted that a patent's validity

4

under the written description requirement must be evaluated by a person of ordinary skill in that art, that he was not a person of ordinary skill in the art, and that his opinion did not rest on the technical conclusions of one of ordinary skill in the art.    (Tr. at 797; 15-18, 799:3-14).  Mr. Dilling claimed to be "one skilled in the art," but the art he was referring to was the art of mechanical engineering.  He admitted that he was not skilled in the art of air disc brakes.  (Tr. at 627:21-23, 696:13-707:15).    Further, Mr. Dilling repeatedly "paraphrased" sections of the '874 Patent to suit his interpretation, without addressing the precise and specific language of the Patent itself, and the combination of Mr. Dilling's testimony, and definition of "caliper" that was stipulated to by both parties, confirmed that each and every element of Claim 29 has support in the patent specification.  (Tr. at 725:16-22, 731:19-23, 734:18-21, 737:17-25, 738:4-9, 751:16-759:24).

       Plaintiff's expert, in contrast, was qualified at trial as an expert in air disc brakes.  (Tr. at 836:12-14).  Mr. Holmes, who was himself skilled in the specific art of air brakes, testified that a person of ordinary skill in the art, reading the '874 patent, would understand that the problem identified and solved was the leakage problem created by "the separate or two-piece *rear housing* section" of the caliper in prior patented brake systems. (Tr. at 839:11-840:4, 846:3-17, 852:14-24).)(emphasis added).  In addition to Mr. Holmes testimony, Plaintiffs submitted evidence that the PTO patent examiners for the '874 patent recognized the novelty and breadth of the invention and despite objections to the issuance of the '874 patent, found that the asserted claims were patentable through the reissue process.

       Without reiterating all of the evidence presented at trial, or commenting on the relative credibility of the various witnesses, the evidence discussed above is only an example of the

5

evidence available to the jury that could reasonably have supported their verdict in favor of the Plaintiff and against Defendant on the issue of invalidity under the written requirement and same invention requirements. Having heard all of the evidence, and having seen the witnesses first-hand, there is no question that the jury had a legally sufficient evidentiary basis for its findings, and this Court will not disturb those findings.

## **CONCLUSION**

For the reasons set forth above, Haldex's Motion for Judgment as a Matter of Law That The Asserted Claims Are Invalid For Failure To Satisfy The Written Description And Same Invention Requirements (ECF #199) is hereby DENIED.

IT IS SO ORDERED.

    /s/ Donald C. Nugent
Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

DATED: January 3, 2011