# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BENDIX COMMERCIAL VEHICLE, SYSTEMS, LLC, *et al.*, | ) ) ) | CASE NO. 1:09 CV 176 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HALDEX BRAKE PRODUCTS CORPORATION, | ) ) ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Haldex's Motion For Judgment As a Matter of Law On Damages Or, In the Alternative, Remittitur. (ECF #185). Plaintiffs filed an Opposition to Defendant's Motion (ECF #204), and Haldex filed a Reply in support of its position. (ECF #208). Having considered the submissions of the parties, the evidence presented at trial, and the relevant law, this Court finds that Haldex's motion should be DENIED.

It is well settled that a jury's verdict is presumptively valid. *Brooks v. Toyotomi Co.*, 86 F.3d 582 (6th Cir. 1996). In rendering its verdict, a jury is presumed to have followed the court's instructions to leave emotion and sympathy at the door and to decide the case based on the evidence, uninfluenced by passion or prejudice. *Caldwell v. Ohio Power Co.,* 710 F.Supp. 194 (N.D. Ohio 1989). Although a district court is generally required to presume that a jury verdict is valid, Fed. Civ. R. 50 and 59 do provide a means by which the court may grant a party a new trial on all or some of the issues raised, or by which the court may alter or amend a judgment.

Fed. Civ. R. 50(b) provides that judgement as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000); see also Fed. Civ. R.50(b). "The Court is not free to weigh the parties' evidence or to pass upon the credibility of witnesses. Nor may the Court substitute its own judgment for that of the jury.... When the evidence would permit reasonable minds to differ on the issues decided, a motion for judgment as a matter of law must be denied. In short, every effort must be made to uphold the verdict if reasonably possible." *In re Scrap Metal Antitrust Litigation*, No. 1:02 CV 0844, 2006 WL 2850453, at *8 (N.D. Ohio Sept. 30, 2006).

The application of Fed. Civ. R.59 is similarly limited, and does not permit a court to set aside a jury verdict "simply because different inferences and conclusions could have been drawn or because some other results are more reasonable." *J.C. Wyckoff & Assoc., v. Standard Fire Insurance Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). A judgment may only be altered through remittitur under limited circumstances. As a general rule, the Sixth Circuit has held that "a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury could find to be compensatory for a party's loss." *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004). This occurs only if "after reviewing all of the evidence in the light most favorable to the prevailing party, [the court] is convinced that the verdict is clearly excessive; resulted from passion, bias, or prejudice, or is so excessive or inadequate as to shock the conscience of the court." *Id.,* quoting *Farber v. Massillon Bd. Of Educ.*, 917 F.2d

1391 (6th Cir. 1990). One factor a court may consider when making this determination is whether the award is out of line with awards in similar cases. *Smith v. Botsford General Hospital*, 309 F.Supp.2d 927 (E.D. Mich. 2004).

In this case, Haldex does not argue that the jury award resulted from passion, bias, or prejudice, or that it is so excessive at to shock the conscience of the court. Rather, Haldex argues that the jury was bound by the 4% royalty rate that the parties stipulated was reasonable. This is simply not the case, however. The jury was accurately instructed that "the patent law specifically provides that the amount of damages Haldex must pay Plaintiffs... may not be less than a reasonable royalty for the use of [the patented product]. A reasonable royalty is not necessarily the actual measure of damages but is merely the floor below which damages should not fall," (Tr. at 981:5-11), and that "the parties agree that a reasonable royalty is equal to 4 percent of the revenue Haldex received from any infringing sales," (Tr. at 981:23-25). Therefore, under the instructions, which were taken directly from the Patent Statute, which specifies that a prevailing patent holder is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty... together with interest and costs as fixed by the court," 35 U.S.C. § 284, the jury was not limited to the stipulated 4% reasonable royalty when it considered what damages to award.

When supported by the evidence, a jury may rightfully award damages in excess of any amount discussed by either side's experts, or in excess of any amount advocated by either party. *See Am Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004); *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1168 (Fed. Cir. 1991); *Datascope Corp. v SMEC, Inc.*, 879 F.2d

820 (Fed. Cir. 1989).

There was ample evidence at trial to support the jury's award. Plaintiff's expert, Dr. Gering explained that the 4% reasonable royalty rate was calculated on the basis of a hypothetical licensing negotiation between two willing participants, but that Knorr-Bremse was not a willing participant to a licensing agreement in this case. (Tr. at 416:18-21, 418:6-22, 432:19-23). When the licensor is not anxious to grant a license, a negotiated royalty rate may well be higher than a rate that is reasonable under the Georgia Pacific factors, between two willing parties.

The jury was presented with evidence that the Plaintiffs would not have willingly granted a license to Haldex at a 4% rate in 2005, and that there was a long standing contention between the parties because Haldex had previously infringed Knorr-Bremse's patents. Further, there was evidence that Haldex was a direct competitor with the Plaintiffs in the United States market for air disc brakes, and that Plaintiff, Bendix-Spicer lost sales to Haldex's infringing product. Tr. at 49:6-12, 66:1-9; 333:18-334:22, 363:2-14, 364:8-367:14, 366:12-16, 369:7-370:10, 375:1-12, 393:17-25, 403:22-406:2; PTX 25. This evidence allowed the jury to find that a 4% royalty rate would not have been enough to adequately compensate Plaintiffs for the use of their patented ideas, or the damages derived from lost customers and the corresponding profits from lost sales. *See, e.g., Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 n. 13 (Fed. Cir. 1995)(noting that the hypothetical negotiation "is an inaccurate, and even absurd, characterization when ... the patentee does not wish to grant a license.").

As set forth above, there is ample evidence upon which the jury reasonably could have based its finding of $100,000 in compensatory damages resulting from Haldex's willful

infringement of the '874 Reissue Patent. The award was supported by a legally sufficient amount of evidence; and, Haldex has made no showing that it was out of line with awards from other similar cases, was so excessive as to shock the conscience of the Court, or was the result of any bias, prejudice, passion, or mistake.

## **CONCLUSION**

For the reasons set forth above, Haldex's Motion for Judgment as a Matter of Law on Damages, Or In the Alternative, For Remittitur (ECF #185) is hereby DENIED.
IT IS SO ORDERED.

    /s/ Donald C. Nugent
Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

DATED: January 3, 2011