**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BENDIX COMMERCIAL VEHICLE, | ) | CASE NO. 1:09 CV 176 |
| SYSTEMS, LLC, *et al.*, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HALDEX BRAKE PRODUCTS | ) | AND ORDER |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Bendix Commercial Vehicle Systems LLC, Knorr-Bremse Systeme fur Nutzfahrzeuge GmbH, and Bendix Spicer Foundation Brake LLC's (collectively "Plaintiffs") Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, and supported by the affidavit of William J. Sauers, as required by 28 U.S.C. § 1924. (ECF # 191, 192)[1].

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding

---

[1]

While Plaintiffs submitted a bill of cost rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment.  See *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-419 (6th Cir. 2005)(The "district court has inherent and statutory authority to act on motions related to costs prior to any action by the clerk.")

costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1)     Fees of the clerk and marshal;
(2)     Fees of the court reporter for all or part of the stenographic
        transcript necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and copies of papers necessarily
        obtained for use in the case;
(5)     Docket fees under 1923 of this title;
(6)     Compensation of court appointed experts, compensation of
        interpreters, and salaries, fees, expenses, and costs of
        special interpretation services under section 1828 of this
        title.

The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury found unanimously in favor of the Plaintiffs and against Defendants on Plaintiffs' Claim for Willful Infringement of U.S. Reissue Patent No. RE 38,874.  The Court entered Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Plaintiffs and against Defendant on Plaintiffs' claim of willful infringement in the amount of $100,000.   Plaintiffs, therefore, were the prevailing party in this action.

Plaintiffs seek $24,108.90 for fees for printed or electronically recorded transcripts necessarily obtained for use in this case; $31,943.00 for fees for witnesses; $2,581.12 for fees for exemplification and the costs of making copies of materials where the copies were necessarily obtained for use in the case; and, $5,400.00 for compensation of interpreters and costs of special interpretation services under 29 U.S.C. § 1828.  The total of all costs

sought equals $64,033.02.

Haldex  objects to Plaintiffs' request for the following costs, amounting to $7,544.10: (1) receiving rough drafts of deposition transcripts (unedited ASCII/Rough ASCII); (2) interactive real-time viewing of the court reporter's notes; (3) synchronization of the video and transcript; (4) expedited delivery; and (4) shipping and handling.  Haldex contends that these costs cover services that are "mere convenience and not necessary for the presentation of the case," as well as fees for postage, which are not taxable under §1902(2).

The Sixth Circuit authorizes the imposition of costs for "charges beyond just the transcripts of video depositions, including charges for video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts."  *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Because the depositions of many of the parties' experts were scheduled during the briefing schedule for summary judgment motions, and close to the deadline for dispositive motions, Plaintiffs reasonably determined that expedited delivery and/or rough and real-time transcripts were necessary in order to timely complete the briefing on the various dispositive motions filed in this case.  Necessity is determined as of the time of taking. *Sutter v. Gen. Motors Corp.*, 100 Fed. Appx. 472, 475 (6th Cir. 2004) quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).   Under these circumstances, the Court finds the expedited, real-time, and rough transcript fees were necessarily obtained for use in this case and are taxable under §1920.

On the other hand, other Northern District of Ohio courts have found that "[f]ees

3

for postage, including shipping and handling charges, are overhead and are not taxable under §1902(2)." *Hunt v. Big Lots Stores, Inc.*, No. 3:06 CV 2044, 2007 WL 4118831 at *2 (N.D. Ohio Nov. 16, 2007); *see also Elabiad v. Trans-West Exp., LLC*, No. 3:03 CV 7452, 2006 WL 1866137, at *2 (N.D. Ohio June 30, 3006).  Plaintiffs have provided no authority that would challenge the reasoning or findings of these courts on this issue. Therefore, the Court will deduct $450.00 from the costs claimed, representing  the amounts charged for shipping and handling related to the deposition transcripts and video tapes.

Haldex also objects to $3600 attributable to four of the six days of translator's fees requested by the Plaintiffs.  Haldex argues that the translator was actually needed for two days of testimony, and that if a local translator had been used, fees would have only accumulated on those two days of actual work.   However, as evidenced by the email exchange contained in Haldex's Opposition, Exhibit A, apparently no local court-approved translator was available.  Further, as evidenced by the same exchange, Plaintiffs offered to pay the travel expenses for Ms. Mattusch, and  Haldex agreed to use her as the translator under that condition.  Further, there is no dispute that a translator was needed for the testimony of Mr. Baumgartner.  There is also no dispute, that his testimony began in Plaintiffs' case on September 20, 2010, and that he finished on September 21, 2010. Haldex also listed Mr. Baumgartner as a defense witness, however, and did not release him until after the close of court on September 23, 2010.

Haldex agreed that a translator was necessary, and agreed to use Ms.  Mattusch on the condition that her travel expenses were covered by Plaintiffs.  Plaintiffs did not submit costs for the travel expenses (i.e. airfare, hotel, or sustenance) of bringing Ms. Mattusch to

4

trial, only her daily fees for the duration of her employment, thereby upholding their end of

the agreement.  Further, there is no evidence that an approved local translator was

available, which may have reduced the overall cost or the translation.  Therefore, the Court

finds that the full $5400.00 requested for translation services is properly taxed as a cost of

the litigation under § 1920(6).

Finally, Haldex challenges the travel expenses totaling $31,943.00 for five business

class round trip tickets from Germany for necessary witnesses.  Under section 1821(c)(1),

witness travel expenses may be taxed for "means of transportation reasonably utilized,"

including fares for a "common carrier at the most economical rate reasonably available."

28 U.S.C. §1821(c)(a).   Other courts have recognized that business class rates are not the

most economically reasonable available rates, when coach rates are an alternative.  *See,*

*Interested Underwriters at Lloyd's v. M/T SAN SE-BASTIAN*, No. 1:03-CV-1778, 2007

WL 2507359 at *1 (N.D. Ga. Aug. 30, 2007); *Farley v. Cessna Aircraft Co.*, No. 93-6948,

1997 WL537406, at *4 (E.D. Pa. Aug. 1, 1997).   Plaintiffs have offered no legal

argument or precedent that would support the assessment of costs for the difference

between the cost of a coach seat (the most economical option), and the business class rate

(understandably more desirable for the witnesses, but not the most economical, and,

therefore, not authorized by the statute).  Therefore, the Court finds that the witness travel

costs should be reduced to reflect the cost of a coach class fare for each of the traveling

witnesses.

Haldex claims that the average cost of a coach fare ticket during the relevant time

was $800.00 per ticket.  In support of this claim, they have submitted a table of the

5

historical average airfare between Washington DC, and Frankfurt (relevant to the

deposition travel), and between Cleveland and Frankfurt (relevant to the trial travel).  The

information was obtained through http://www.expedia.com/daily/trend_tracker/default.asp.

Plaintiffs claim that this information does not accurately account for the exact

flights available to the actual travelers; the variation in expenses day to day; the

differences in prices originating in the U.S. versus flights originating in Germany; or the

difference in cost for flights between Munich and the United States (accounting for four

tickets) and between Frankfurt and the United States (accounting for only one ticket).

Plaintiffs argue instead that "a review of current airline prices reveals that the refundable

round trip economy class flights from Germany to the United States would actually cost,

on average, approximately  $2,700.00. . . ."  (Pltf. Response at 7).  Plaintiffs' estimates

however are accompanied by no evidence and no citation to their source of information.

Further, their estimates are subject to nearly all of the same criticism Plaintiffs have lodged

at Haldex's estimate. There is no accounting for the actual flights involved, no accounting

for variations in the cost of tickets from day to day, and no explanation as to how the

average compares to departures from the relevant cities.

Therefore, although the estimates provided by Haldex are far from precise, and

may not be accurate with regard to the actual cost of coach class tickets available for the

flights actually taken by the witnesses, they at least have some identified source and

evidentiary support.  The Court, finds that Plaintiffs have failed to submit evidence of the

true cost the most economical mode of transportation reasonably utilized, and will,

therefore accept Haldex's proposed estimate of costs equaling $800.00 per round trip

flight. This results in a $19,547 reduction to the witness travel expenses requested by the Plaintiffs.

## CONCLUSION

For the reasons set forth above, Haldex's objections to Plaintiffs' Bill of Costs are overruled in part, and sustained in part. Plaintiffs' Bill of Costs is approved minus the $450.00 attributed to shipping and handling charges associated with delivery of the deposition transcripts, and with an adjustment of $19,547 for the witness transportation costs. The final approved amount of $44,036.02 will be included in the Amended Judgment.

IT IS SO ORDERED.

                                        /s/ Donald C. Nugent
                                        Judge Donald C. Nugent
                                        UNITED STATES DISTRICT JUDGE

DATED:    January 3, 2011