UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENDIX COMMERCIAL VEHICLE, SYSTEMS, LLC, *et al.*, | CASE NO. 1:09 CV 176 |
| | JUDGE DONALD C. NUGENT |
| Plaintiffs, | |
| v. | |
| | MEMORANDUM OPINION AND ORDER |
| HALDEX BRAKE PRODUCTS CORPORATION, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion to Amend Judgment to Award Supplemental Compensatory and Enhanced Damages as a Result of Haldex's Additional Pre-and Post-Verdict Willful Infringement. (ECF #221). Haldex filed an opposition to this motion (ECF #224), and Plaintiffs filed a Reply brief in support of their request. (ECF #225). The matter is now fully briefed and ripe for the Court's consideration.

Haldex does not dispute that Plaintiffs are entitled to damages for sales of ModulX brakes made between August 31, 2010 and January 3, 2011. The parties also agree that the actual amount of sales for that period amounted to $721,880, and that supplemental compensatory damages should be calculated consistent with the damages awarded by the jury. In this case the jury award equates to a 10.29% royalty rate, on the total sales. See Presidio Components Inc. v. American Technical Ceramics Corp., No. 08-CV-335-IEG (NLS), 2010 WL 307030, at *2 (S.D. Cal. Aug.

5, 2010); Aero Products International, Inc. v. Intex Recreation Corp., No. 02 C 2590, 2005 WL 1498667, at *2 (N.D. Ill. June 9, 2005). This would result in an award of $74, 281.00. Plaintiffs argue that the award should be enhanced because Haldex allegedly discounted the sales price of the brakes at issue, thereby artificially reducing the overall value of the product and the corresponding sales amount. Both sides offer arguments as to the reasonableness of the pricing of the products at issue. This Court is no position to make a determination, as a matter of law, as to what a reasonable or appropriate price is for the products at issue under the circumstances present in this case. The agreed actual sales price reflects the amount gained by Haldex as a result of the infringement, and the award of 10.29% of those sales comports fully with the jury's original award, and adequately addresses the purpose of compensatory damages. Therefore, the judgment is hereby amended to include an additional $74,281.00 in compensatory damages.

Plaintiffs further argue that the damages assessed for the post-verdict sales were willful, and, as such, should be subject to the same level of enhanced damages as was the original jury award. The Court agrees. The Court previously found that the relevant factors and circumstances weighed overwhelmingly in favor of granting the Plaintiffs' request for enhanced damages, and that the primary purpose of enhanced damages (i.e., deterring further willful infringement) will be best served in this case by the imposition of treble damages, which is the largest enhancement allowed by statute. Haldex has offered no legitimate reason why this ruling should not apply to post-verdict sales, which were also willfully infringing sales. Therefore, the added compensatory damages of $74,281.00 will be trebled, resulting in a total increase in damages of $216,564.00.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Supplemental Compensatory Damages and Enhanced Damages (ECF #221) is GRANTED. The Judgment is this case is Amended to include additional compensatory and enhanced damages in the amount of two hundred and sixteen thousand, five hundred and sixty-four dollars($216,564.00) (which is $72,188, trebled). IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Judge Donald C. Nugent
United States District Judge

DATED: March 1, 2011